UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-01054-CJC (SHK) | Date: | July 13, 2020 |
| Title: | *Charlotte Spadaro v. County of San Bernardino, et al.* | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):**  ORDER REGARDING COUNTY DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND ORDER TO SHOW CAUSE WHY OFFICER BRAWLEY SHOULD NOT BE DISMISSED FOR LACK OF SERVICE

      On July 9, 2020, Defendant County of San Bernardino ("County") filed a response to the Court's Order to Show Cause[1] ("Response") notifying the Court that Plaintiff Charlotte Spadaro ("Plaintiff") failed to serve Darryl Brawley, a "lieutenant animal control officer" employed by the County ("Officer Brawley") and the other named Defendant in this action. Electronic Case Filing Number ("ECF No.") 29, Response; see also ECF No. 1-2, Compl. at 2-3.  The County stated that Officer Brawley has not yet been served with a summons or Complaint

---

[1] After numerous requests for extensions of time to file Plaintiff's First Amended Complaint ("FAC"), the Court set a final deadline of June 30, 2020, for Plaintiff to file her FAC.  ECF No. 27, Final Extension.  When Plaintiff failed to file a FAC or otherwise contact the Court, the Court issued an Order to Show Cause ("OSC"), by July 17, 2020, why she has failed to file a FAC or to otherwise prosecute this action.  ECF No. 28, OSC.  The Court instructed Plaintiff that she may respond to the OSC by: "(1) filing her FAC by July 17, 2020; (2) notifying the Court she wishes to rest on her original Complaint, in which case remaining Defendant Officer Brawley must respond within ten days; or (3) notifying the Court she no longer wishes to pursue this action and seeking a voluntary dismissal of the case under Federal Rule of Civil Procedure 41(a)."  Id. at 2.  Plaintiff was further warned that "Plaintiff's original Complaint will be deemed the operative complaint in this case on July 17, 2020, unless Plaintiff files her FAC before then."  Id.  (emphasis in original).

in this action, either in state or federal court and has not appeared. ECF No. 29, Response at 1-2; ECF No. 1-1, State Court Summons Ex. A at 2. Therefore, the County argues that Officer Brawley should not be expected to respond until Plaintiff properly serves him. Id. The County also requests that the Court take judicial notice of the docket in the state court case, the docket since the case was removed to this Court, and the Court's records under Federal Rule of Evidence 201(b) and (d) to show a lack of proof of service on Officer Brawley. See ECF No. 29, Response at 1-2. Counsel representing the County has not indicated that they are representing Officer Brawley in this action.

"[S]ervice of process is the means by which a court asserts its jurisdiction over the person," S.E.C. v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2007), and a court lacks jurisdiction over a defendant who has not been properly served under Federal Rule of Civil Procedure 4, Direct Mail Specialist, Inc., v. Eclat Computerized Tech., 840 F.2d 685, 688 (9th Cir. 1988). "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." S.E.C., 504 F.3d at 1138-39.

Upon review of the record and the attached state court docket, the Court is unable to locate evidence indicating that Officer Brawley was served in state court or since the action was removed to federal court over one year ago. Accordingly, Plaintiff is ORDERED TO SHOW CAUSE by **July 21, 2020**, why Officer Brawley should not be dismissed from this action for lack of proper service. Plaintiff can satisfy this OSC by filing a valid proof of service on Officer Brawley with this Court. See Fed. R. Civ. P. 4; Central District of California Local Rule ("L.R.") 4-1; L.R. 5-3.1. Failure to timely respond to this Order may result in Officer Brawley being dismissed from this action. Moreover, Plaintiff is warned that extensions of time to respond to this Order will be granted sparingly and only for very good cause shown.

Further, the Court notes that Officer Brawley is described as a County employee. See ECF No. 1-2, Compl. at 3. If counsel for the County is ultimately involved in Officer Brawley's representation, counsel for the County is reminded of its duty under Federal Rule of Civil Procedure 4(d)(1) "to avoid unnecessary expenses of serving the summons" by agreeing to a waiver of service, particularly because Plaintiff is proceeding pro se. See Borzeka v. Heckler, 739 F.2d 444, 447 n.2 (9th Cir. 1984).

**IT IS SO ORDERED.**